**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              CIV 98-0623 JC/LFG

$37, 040.00 IN U.S. CURRENCY,

        Defendant,

and

CAROL BELUCH,
        Claimant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Strike and for Default Judgment as to the Right, Title and Interest of Claimant Carol Beluch, filed May 12, 1999 *(Doc. No. 15)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is well taken and will be **granted**.

Under Federal Rule of Civil Procedure 37(b)(2)(C), the Court can enter a default judgment against a party who fails to comply with its orders. The entry of a default judgment is an extreme sanction and is only to be imposed after consideration of several factors. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). "These factors include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely

sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992)).

In this case, the entry of a default judgment is appropriate. On February 22, 1999, United States Magistrate Judge Garcia ordered Ms. Beluch to "fully respond to the outstanding discovery and to provide full and complete responses to USA within thirty days." *Order*, filed February 22, 1999 *(Doc. No. 14)*. Ms. Beluch chose not to comply with that order and now contends that she does not have to submit to discovery because "the production is not required . . . for this Court to rule on . . . whether law enforcement had probably cause to seize the defendant currency in the first place." *Claimant's Resp.* at 1.

I find Ms. Beluch's contention to be disruptive of the judicial process and prejudicial to the United States. Prior to Judge Garcia's order, the United States granted Ms. Beluch an extention of time to comply with the discovery request. Ms. Beluch was advised by her attorney that she needed to comply with the request. Judge Garcia found the request to be appropriate and warned her that "[f]ailure to respond can result in imposition of sanctions, including a default judgment." *Id.*

Resolution of this matter should have been simple and quick. The case hinges on whether Ms. Beluch's claim to the currency seized from Mr. James White on November 21, 1997 is valid. Unfortunately, Ms. Beluch's actions have dragged that determination out and have demonstrated a blantant disregard for the Court's orders. I find Ms. Beluch to be highly culpable. She is not in a position to disregard the orders of the Court simply because she thinks them ancillary. I find that a lesser sanction would not adequately punish Ms. Beluch for her actions. Consequently, a default judgment will be entered.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike and for Default Judgment as to the Right, Title and Interest of Claimant Carol Beluch, filed May 12, 1999 *(Doc. No. 15)* is **granted**.

DATED May 25, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:    Stephen R. Kotz
Assistant U.S. Attorney
Albuquerque, New Mexico

Counsel for Claimant:    Cliff McIntyre
Albuquerque, New Mexico